# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ARTIS C. CARROLL, JR., | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 19-238 |
| | : | |
| JEFFERY D. WRIGHT, | : | |
| Defendant. | : | |

# MEMORANDUM

**KEARNEY, J.**                                                                        **January 24, 2019**

Artis C. Carroll, Jr., currently incarcerated at the Lancaster County Prison, now *pro se* sues Lancaster County Judge Jeffrey D. Wright for lacking jurisdiction over his criminal case in Lancaster County. Mr. Carroll moves to proceed *in forma pauperis*.[1] Having carefully reviewed Mr. Carroll's motion and complaint against the state court judge presiding over criminal proceedings against Mr. Carroll, we grant Mr. Carroll leave to proceed *in forma pauperis* but must dismiss his Complaint as legally frivolous.

**I.    Allegations.**

On February 16, 2018, Deputy Chief of Police for Millersville University, Howard Bauman, charged Mr. Carroll with one count of stalking/intent to cause emotional distress and one count of harassment—communicating repeatedly in another manner.[2] The Commonwealth alleged Mr. Carroll "repeatedly sent emails to numerous employees of Millersville University after being warned against corresponding to employees and did send an email on 2-15-2018 which referenced the Florida Shooting at School in Florida and the 2nd amendment which caused emotional distress."[3] The Commonwealth arrested Mr. Carroll on February 15, 2018.[4] Mr. Carroll appeared by video for his preliminary arraignment on February 17, 2018.[5] The judicial officer set

his bail at $50,000.[6] Mr. Carroll could not post bail and the court committed Mr. Carroll to the Lancaster County Prison awaiting trial.[7] Public dockets confirm these criminal proceedings remain pending.[8] The docket reflects the last scheduled proceeding was a competency hearing for December 4, 2018 but there is no public record of the result from the December 4, 2018 hearing.[9] Judge Wright is presiding over Mr. Carroll's criminal proceedings.[10]

Now in the middle of his criminal proceeding in Lancaster County, Mr. Carroll takes issue with the criminal complaint, arguing the Commonwealth did not give him fair notice as to the names of the offenses charged and the descriptions of those offenses.[11] He asserts these deficiencies deprive Judge Wright of subject matter jurisdiction over the charges.[12] Mr. Carroll contends he has raised several jurisdictional challenges, but Judge Wright refuses to consider them and refuses to dismiss the charges against him and release him from confinement.[13] He claims Judge Wright's decisions violate his rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment, as well as his rights under the Fourth Amendment.[14] Mr. Carroll seeks $200,000.00 in damages.[15] He also asks we dismiss the charges against him and release him from custody.[16]

## II. Analysis

We grant Mr. Carroll leave to proceed *in forma pauperis* as, after review of his petition, it appears he is incapable of paying the fees to commence this civil action.[17] Under federal law, 28 U.S.C. § 1915(e)(2)(B)(i), we must dismiss the Complaint if it "lacks an arguable basis either in law or in fact,"[18] and is legally baseless if it is "based on an indisputably meritless legal theory."[19] As Mr. Carroll is proceeding *pro se*, we construe his allegations liberally.[20]

Judges are entitled to absolute immunity from civil rights claims and claims under state law based on acts or omissions taken in their judicial capacity, so long as they do not act in the

2

complete absence of all jurisdiction.²¹ An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge."²² Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'"²³

Mr. Carroll's argument Judge Wright acted in the complete absence of jurisdiction is frivolous. In Pennsylvania, judges for the Common Pleas courts "have unlimited original jurisdiction of all actions and proceedings, including all actions and proceedings heretofore cognizable by law or usage in the courts of common pleas."²⁴ Judge Wright acted within his judicial capacity and his jurisdiction by declining to consider Mr. Carroll's challenges to the sufficiency of the criminal complaint and declining to dismiss the charges against him. As Mr. Carroll sued Judge Wright for acts or omissions taken in his judicial capacity, judicial immunity applies. There is no legal basis for Mr. Carroll's lawsuit against him in this Court for his judicial decisions in the state court.²⁵ His remedy, if any, presently lies in the state courts.

## III. Conclusion

In the accompanying Order, we grant Mr. Carroll leave to proceed *in forma pauperis* and dismiss his Complaint. As his claims are legally frivolous and an amendment to plead claims against his state court judge is frivolous, we deny Mr. Carroll leave to file an amended complaint because he cannot cure the defects.²⁶

---

¹ ECF Doc. No. 5.

² ECF Doc. No. 1 at 27.

³ *Id.*

⁴ *Id.* at 4.

3

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Commonwealth v. Carroll*, Docket No. CP-36-CR-0001971-2018 (Lancaster Cty. Common Pleas).

[9] *Id.* All docket entries in Mr. Carroll's criminal proceedings are sealed. We are unable to discern whether the state court held this competency hearing and, if so, whether the state court found Mr. Carroll competent to proceed. We recognize an obligation under Federal Rule of Civil Procedure 17(c)(2) to protect an "incompetent person who is unrepresented in an action." If Mr. Carroll had been adjudicated incompetent by the state court, appointment of a guardian *ad litem*, attorney, or other representative may be required if the claim proceeded past our initial review under § 1915. *See Powell v. Symons*, 680 F.3d 301 (3d Cir. 2012). We may still conduct a screening under § 1915(e) consistent with Rule 17. *See id.* at 307 ("In the context of unrepresented litigants proceeding *in forma pauperis,* this inquiry [under Rule 17] would usually occur after the preliminary merits screening under 28 U.S.C. § 1915A or 28 U.S.C. § 1915(e)(2)."); *see also Himchak v. Dye*, 684 F. App'x 249, 252 (3d Cir. 2017) (per curiam) ("Because, as discussed below, we agree that the District Court properly dismissed the complaint under the screening provisions, it did not abuse its discretion by not appointing a guardian to protect Himchak's interests pursuant to Fed. R. Civ. P. 17(c)."); *Dangim v. FNU LNU, USA Law Enf't*, No. 16-0812, 2017 WL 3149359, at *3 (D.N.M. June 2, 2017) (understanding *Powell* to convey "a district court may *sua sponte* dismiss a complaint under § 1915A or § 1915(e)(2) as frivolous, malicious, or for failure to state a claim on which relief may be granted without first inquiring into a pro se litigant's mental competency to represent himself or herself under rule 17(c)(2).").

[10] *Id.*

[11] ECF Doc. No. 1 at 5-16.

[12] *Id.* at 10, 17.

[13] *Id.*

[14] *Id.* at 20-24.

[15] *Id.* at 26.

[16] *Id.*

[17] As Mr. Carroll is an inmate, he is obligated to pay the $350.00 filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

[18] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[19] *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

[20] *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

[21] *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (per curiam); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam).

[22] *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000).

[23] *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)).

[24] 42 Pa. Cons. Stat. § 931(a).

[25] Mr. Carroll also asks this Court to dismiss the pending charges and release him from confinement. We cannot intervene in Mr. Carroll's pending criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 43-44 (1971); *Duran v. Weeks*, 399 F. App'x 756, 758–59 (3d Cir. 2010) (per curiam) ("Since Duran's section 1983 action seeking to enjoin his criminal prosecution presents the classic case for *Younger* abstention, the District Court's dismissal of Duran's complaint on that basis was clearly appropriate.").

[26] *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).